Young Cho
Attorney at Law: 189870
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562)868-5886
Fax: (562)868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Attorneys for Plaintiff
John Allen Lovejoy

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN LOVEJOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:15-cv-00360-SKO<br><br>**STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>(Doc. 23) |

TO THE HONORABLE Sheila K. Oberto, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that John Allen Lovejoy be awarded attorney fees in the amount of three thousand four hundred dollars ($3,400.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of four hundred dollars ($400.00) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to John Allen Lovejoy, the government will consider the matter of John Allen Lovejoy's assignment of EAJA fees to Young Cho.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130

S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to John Allen Lovejoy, but if the Department of the Treasury determines that John Allen Lovejoy does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by John Allen Lovejoy. *United States v. $186,416.00*, 722 F.3d 1173, 1176 (9th Cir. 2013) (*$186,416.00 II*) (ordering fees paid to counsel because of an assignment that did not interfere with a raised superior lien).[1] Any payments made shall be delivered to Young Cho.

This stipulation constitutes a compromise settlement of John Allen Lovejoy's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that John Allen Lovejoy and/or Young Cho including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Young Cho and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE:  May 2, 2016          Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING

---

[1] The Commissioner does not stipulate to the citation of *$186,416.00 II*, and will not participate in representing to this Court that it carries legal import in these proceedings. *$186,416 II* involved a different statute and very different factual circumstances than those presented here, or in other Social Security cases. Because the parties have agreed to the payment of EAJA fees, and the amount, and to avoid motion practice solely related to Plaintiff's citation, the Commissioner agrees to this stipulation. The Commissioner reserves the right to challenge the applicability of *$186,416 II* to any Social Security case, and this Stipulation should not be construed as a waiver of such reservation.

Lovejoy contends that *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 757 (9th Cir. 2011) (*$186,416.00 I*) held that there is no functional difference between the CAFRA and EAJA in terms of "ownership" of the fee. *U.S. v. Kim*, 797 F.3d 696, 699 (9th Cir. 2015) holds that the Anti-Assignment Act invalidates an assignment but does not preclude the attorney from gaining an interest in the fees.

|   |   |
|---|---|
|   | /s/ *Young Cho* |
| BY: | _____ |
|   | Young Cho |
|   | Attorney for plaintiff John Allen Lovejoy |

DATE: May 2, 2016         PHILLIP A. TALBERT
                         Acting United States Attorney
                         DEBORAH LEE STACHEL
                         Acting Chief Counsel, Region IX
                         U.S. Social Security Administration

                         /s/ *Donna W. Anderson*
                         _____
                         DONNA W. ANDERSON
                         Special Assistant United States Attorney
                         Attorneys for Defendant Carolyn W. Colvin,
                         Acting Commissioner of Social Security
                         (Per e-mail authorization)

**ORDER**

Pursuant to the terms of the parties' stipulation, it is HEREBY ORDERED that Plaintiff be awarded $3,400 in EAJA fees and costs.

IT IS SO ORDERED.

Dated:   **May 9, 2016**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

3