# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN LOVEJOY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant.　　　／ | Case No. 1:15-cv-00360-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 24) |

## I. INTRODUCTION

On May 22, 2018, counsel for Plaintiff John Lovejoy ("Plaintiff"), Young Cho, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)[2] (the "Motion"). (Doc. 24.) The Court issued a minute order requiring Plaintiff and the Defendant Commissioner of Social Security (the "Commissioner") to file any opposition or statements of non-opposition to the Motion, by no later than June 20, 2018. (Doc. 25.) Plaintiff was served with copies of the Motion and minute order. (Doc. 26.) Plaintiff did not file any response to the Motion by the June 20, 2018 deadline (*See* Docket).

On June 8, 2018, the Commissioner filed a response, acknowledging that she was not a party to the fee agreement between Plaintiff and his counsel, and therefore "not in a position to either

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 26, 2018). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] All subsequent statutory references are to Title 42 of the United States Code, unless otherwise specified.

assent or object to the fees that Counsel seeks from Plaintiff's past-due benefits." (Doc. 30 at 2.) The Commissioner's response further stated that the Motion was "perhaps purposefully confusing" because at different points in the Motion, it referred to attorney's fees both before and after consideration of other fees previously awarded to Plaintiff. (Doc. 30 at 4.) On June 19, 2018, Plaintiff's counsel replied to the Commissioner's response noting the Commissioner did not identify any basis upon which a reduction from the requested fee is warranted and asserting that Plaintiff's counsel requested approval of $25,000 in attorney's fees at all times in the Motion. (Doc. 31.)

For the reasons set forth below, the motion for an award of attorney's fees is granted in the amount of $25,000, subject to an offset of $3,400 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on May 9, 2016. (*see* Doc. 23.)

## II.     BACKGROUND

On March 6, 2015, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) On February 24, 2016, upon stipulation by the parties, the Court ordered the case remanded to the agency for further proceedings, and judgment was entered in favor of Plaintiff and against the Commissioner in accordance with the Court's order. (Docs. 20, 21.) On May 9, 2016, the parties stipulated to an award of $3,400 in attorney fees under EAJA (Doc. 22), and the Court entered the stipulated order the same day (Doc. 23).

On remand, the Commissioner issued a decision finding Plaintiff disabled. (*See* Doc. 24, Declaration of Young Cho ("Cho Decl.") ¶ 3 and Ex. 2.) On May 8, 2018, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $36,829.25, representing 25% of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney's fees. (Doc. 24, Cho Decl., Ex. 3.) On May 22, 2018, counsel filed a motion for attorney's fees in the amount of $25,000, with an offset of $3,400 for EAJA fees already awarded, for a net award of $21,600. (*See* Doc. 24.) It is counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

§ 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328–29 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under

1 § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing, LLP, signed by Plaintiff and his counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(Doc. 24, Cho Decl., Ex. 1 (dated February 10, 2015) (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, the Law Offices of Lawrence Rohlfing spent 19.8 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was remanded to the agency for reconsideration, which then awarded benefits to Plaintiff. (Doc. 24, Cho Decl., Ex. 4 (time sheets accounting for 16.3 attorney hours and 3.5 paralegal hours spent representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel, as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay and the Commissioner makes no such allegations.

Counsel does not state his or his paralegal's normal hourly rates. However, the effective

4

hourly rate requested equals $1,263.63 per hour.[3] District courts in the Ninth Circuit have found similar effective hourly rates reasonable in social security contingency fee arrangements. *See Villa v. Astrue*, No. CIV–S–06–0846 GGH, 2010 WL 118454, at *1–2 (E.D. Cal. 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *2–3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *see also Palos v. Colvin*, No. CV 15–04261–DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work).

In response to Plaintiff's counsel's effective hourly rate, the Commissioner refers the Court to two cases from outside the Eastern District. (Doc. 30 at 4.) However, the Court finds neither case supports a reduction of counsel's fees in this case. First, the Commissioner cites *Ashing v. Astrue*, 798 F.Supp.2d 1143 (C.D. Cal. 2011). In *Ashing*, Plaintiff's counsel sought $49,300 in attorney's fees, which was nearly the full 25% of Plaintiff's $214,164 in past-due benefits. *Id.* at 1145. However, the Court found Plaintiff's counsel would receive a windfall due to the size of the award and minimal effort expended in court, and reduced Plaintiff's counsel's fee to $33,113.98. *Id.* at 1146–47. Here, unlike in *Ashing*, there is no evidence that Plaintiff's benefits accrued for any period of time while counsel expended minimal effort. To the contrary, counsel has demonstrated—and the Commissioner has not refuted—that counsel worked diligently and efficiently to secure a successful result for Plaintiff. (*See* Doc. 24, Cho Decl., Ex. 4.)

Further, unlike in *Ashing*, Plaintiff's counsel does not seek attorney's fees close to the full 25% of Plaintiff's past-due benefits. Instead, Plaintiff's counsel seeks a fee of 16.9% of Plaintiff's $147,317.00 in past-due benefits, which amounts $25,000 of the $36,829.25 withheld from Plaintiff's past-due benefits for attorney's fees. The Court finds counsel's fees are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–

---

[3] Plaintiff's counsel expended 16.3 hours and a paralegal expended 3.5 hours. (Doc. 24, Cho Decl., Ex. 4.) Thus, the effective hourly rate requested is computed as follows: $25,000 / (16.3 + 3.5) = $1,263.63 per hour.

5

01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

The Commissioner also refers the Court to *Hearn v. Barnhart*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) and notes that the Court in *Hearn* awarded an effective hourly rate of $450 while reviewing cases with effective hourly rates ranging from $187.55 to $694.44. (Doc. 30 at 4.) Notably, the Court in *Hearn* did not reduce Plaintiff's counsel fee. In fact, in upholding Plaintiff's counsel's fee, the Court in *Hearn* reasoned "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." 262 F. Supp 2d at 1037. The Court in *Hearn* further stated attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* "The courts recognize that *basing a reasonableness determination on a simple hourly rate basis is inappropriate* when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Id.* (emphasis added).

Here, Plaintiff's counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, Plaintiff's counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff. Accordingly, the Court finds *Hearn* provides no basis for reducing Plaintiff's counsel's fee. Rather, *Hearn* supports a finding that Plaintiff's counsel's fee is reasonable because of the substantial risk of loss he assumed in taking Plaintiff's case on a contingency basis.

An award of attorney's fees pursuant to section 406(b) in the amount of $25,000 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of

6

attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Plaintiff's counsel was previously awarded $3,400 in fees pursuant to the EAJA; as such, the fee award will be offset by $3,400 for a net award of $21,600.

## IV.  CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable.   Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $25,000 is granted; and

2. Plaintiff's counsel is ordered to refund to Plaintiff $3,400 of the section 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **July 27, 2018**                        /s/ *Sheila K. Oberto*                    .
UNITED STATES MAGISTRATE JUDGE

7